LINCOLN SQUARE LEGAL SERVICES, INC.   Fordham University School of Law   Tel 212-636-6934
150 West 62nd Street, Ninth Floor        Fax 212-636-6923
New York, NY 10023

May 4, 2018

**VIA ECF AND EMAIL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:   *Lincoln Square Legal Services, Inc. v. Internal Revenue Service*,
           **Case No. 18 Civ. 2217 (AT) (OTW)**

Dear Judge Torres:

    Plaintiff Lincoln Square Legal Services, Inc. submits this letter on behalf of both Plaintiff and Defendant Internal Revenue Service ("IRS") pursuant to the Court's Order dated April 5, 2018, and in anticipation of the initial pretrial conference scheduled for 12:40 p.m. on May 10, 2018.

    As this is an action brought under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), which is a review of an agency action, the Parties understand Local Civil Rule 16.1 to exempt them from the requirement of a mandatory scheduling order required by Fed. R. Civ. P. 16(b). Accordingly, the Parties respectfully request to be relieved of the obligation to submit a proposed Civil Case Management Plan pursuant to Fed. R. Civ. P. 26(f), and Your Honor's Individual Practices, in advance of the initial conference.

    Pursuant to the Court's April 5, 2018 Order, this letter addresses in separate paragraphs: (1) a brief description of the case, including the factual and legal bases for the claims and defenses; (2) a proposed schedule for the search and production of responsive records; and (3) a proposed briefing schedule, in the event that this action proceeds to summary judgment motions.

    1. **Brief Description of the Action**

    This is an action under FOIA seeking the production of documents and records that Plaintiff requested on September 16, 2016. Specifically, Plaintiff sought all agency records and other documents within or related to two IRS Revenue Procedures, entitled "Waiver of 60-Day Rollover Requirement" (Rev. Proc. 2016-47, 2016-37 I.R.B. 346) and "60-Day Rollover Requirement; waiver" (Rev. Proc. 2003-16, 2003-4 I.R.B. 359). On November 1 and 17, 2017, the IRS responded to the FOIA request, releasing certain documents in whole or in part, and notifying Plaintiff that it was withholding the remaining documents under FOIA Exemptions 3, 5, and 6, 5 U.S.C. § 552(b)(3), (5), and (6). On March 13, 2018, Plaintiff filed this lawsuit because it believes that the IRS was overly broad in the application of these FOIA exemptions. In particular, Plaintiff believes that many of the documents withheld based on Exemptions 3 and 5 should have been produced in a redacted form.

Plaintiff also believes that Exemption 6 cannot shield the identity of government employees who were the recipients of documents disclosed to Plaintiff in response to the FOIA request. Based on the disclosure made to Plaintiff, Plaintiff also believes that the IRS failed to perform an adequate and complete search of its records to produce responsive documents. Plaintiff seeks an order directing the IRS to promptly disclose all responsive non-exempt records either in whole or in a redacted form when necessary.

   **2. Proposed Schedule for Search and Production**

The Parties have discussed how additional information about the withheld documents, and potential disclosure of some of those documents, may reduce or eliminate the controversy in this case. Plaintiff has supplied the IRS with a comprehensive list of the questions it has about the IRS's productions. The IRS has agreed to consider and respond to these questions, with the understanding that its responses may narrow or eliminate any issues that may ultimately need to be litigated in this case. The Parties respectfully propose that they report back to the Court in 60 days — on July 3, 2018 — as to the status of their discussions regarding the issues raised by Plaintiff.

   **3. Proposed Briefing Schedule**

The Parties do not anticipate the filing of any motions at this time. Instead, they respectfully propose to indicate in their next status report a statement as to whether they have resolved all issues, whether they would like to continue their discussions, or whether they anticipate needing to brief any issues (and if so, to propose a schedule for such briefing).

We thank Your Honor for your consideration of this request.

                                        Respectfully submitted,

                                        /s/ Ron Lazebnik
                                        Ron Lazebnik
                                        *Supervising Attorney*


cc:     Jean-David Barnea
        *Assistant United States Attorney*
        *Counsel for Defendant*

2